JOSEPHINE EVERETT ET AL *v.* RUBEN ANDERSON'S ADMR.

Deeds—Recitals—Estoppel.
> The parties to a deed are estopped by the recitals therein to claim title to any part of the land thereby conveyed.

APPEAL FROM FULTON COMMON PLEAS COURT.

June 9, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

As to the note, a part of which was paid by appellants, to the intestate of appellee and a new note executed to him for the residue, they waived thereby all defense, either equitable or legal, that they might otherwise have had to it.

But we do not consider that the answer presented a valid defense to the action, it is therein admitted that Mrs. Margaret Watson did agree that the 484 acres including the part contracted to be sold by L. N. Watson to appellee, Mrs. Everett, should be by her surrendered to them, which she did in consideration of "love and affection for her said children" a consideration altogether suf-

ficient in law to bind her, and that agreement is alleged in the petition to have been in writing, and consummated by a conveyance, and that it was in writing is not denied in the answer. Besides in the deed to Jerome Watson, filed as an exhibit, Mrs. Margaret Watson accepted 300 acres of the land, therein stated to be the lands of her husband, G. B. Watson, dec., for her life as her dower in his hands and in consideration that said Jerome Watson had released all claim to the 484 acres to G. N. Watson and appellant, Mrs. Everett, they all joined in a conveyance of 225 acres of said land to said Jerome. By the recitals in that deed the parties thereto are bound, and Mrs. Watson and Mrs. Everett are estopped to deny that the land belonged to G. B. Watson, at his death. Nor is there any sufficient denial in the answer that deeds of partition were made in which Mrs. Margaret Watson joined and passed all claim to said 484 acres to her said son and daughter, but it is admitted that said 484 acres were divided between Mrs. L. N. Watson, and that 222 acres thereof were assigned to him, and he conveyed the same to her. But appellants say the deed was *not a proper and sufficient one.* The only reason assigned for that allegation, and the only objection made to the deed, is that the title was in Mrs. Watson, and did not pass to Mrs. Everett by said deed. If the title ever was in her she relinquished it by her conveyances, and accepting the conveyance of 300 acres of the land to herself for life. And consequently nothing passed by the deed from her to Mrs. Everett.

In any view of the case the answer presented no sufficient defense to the action, and the demurrer thereto was properly sustained.

Wherefore the judgment is *affirmed.*

*Rodman,* for appellants.

*James,* for appellee.